# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 6545 | **DATE** | 8/27/2012 |
| **CASE TITLE** | Joseph McHaney (#2012-0725203) v. Tom Dart | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion to proceed *in forma pauperis* [#3] is granted and the initial partial filing fee is waived. The trust fund officer at Plaintiff's place of confinement is authorized to make deductions from his account in accordance with this order. However, Plaintiff is ordered to show cause as to why his complaint should not be dismissed for failure to exhaust administrative remedies prior to filing suit. *See* 42 U.S.C. § 1997e(a). Failure of Plaintiff to comply with these directives within thirty days will result in summary dismissal of this case.

■ [**For further details see text below.**]          Docketing to mail notices.

## STATEMENT

Plaintiff, a pre-trial detainee in custody at the Cook County Jail, Chicago, Illinois, has submitted a *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff makes a variety of claims against Defendant Cook County Sheriff Tom Dart, relating to his conditions of his confinement for a seven day period beginning when he entered the jail on July 25, 2012. More specifically, Plaintiff alleges that the cell house was garbage strewn, there was no toilet paper or soap, there was no running water and the lights were inoperative for at least three days. He alleges that because of the conditions, he is suffering from a rash.

According to the statement submitted with his *in forma pauperis* application, Plaintiff has neither available funds nor means to pay the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). As 28 U.S.C. § 1915(b)(4) requires that a prisoner not be prohibited from bringing suit because of inability to pay, the initial partial filing fee is waived. The trust fund officer at the correctional facility where Plaintiff is confined is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The inmate trust account office at Cook County Jail shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

Plaintiff must also show cause as to why his complaint should not be dismissed for failure to exhaust administrative remedies prior to filing suit.

Exhaustion of administrative remedies, pursuant to the Prison Litigation Reform Act, is required for all prisoner suits seeking redress for prison circumstances or occurrences, regardless of whether they involve general circumstances of incarceration or particular episodes, and whether they allege Eighth Amendment violations **(CONTINUED)**

AWL

based on use of excessive force or some other wrong. *Porter v. Nussle*, 534 U.S. 516 (2002). Under 42 U.S.C. § 1997e(a), the Court is directed to dismiss a suit brought with respect to prison conditions if the Court determines that Plaintiff has failed to exhaust his administrative remedies. *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532 (7th Cir. 1999).

A prisoner must take all the steps required by the prison's grievance system in order to exhaust his administrative remedies properly. *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004); *Pozo v. McCaughtry*, 286 F.3d 1022, 1023-24 (7th Cir. 2002). Moreover, exhaustion is a precondition to filing suit, so that a prisoner's attempt to exhaust available administrative remedies in the midst of litigation is insufficient. *See Ford*, 362 F.3d at 398; *Perez*, 182 F.3d at 536-37. While failure to exhaust is normally an affirmative defense, in this case, it appears on the face of the complaint the Plaintiff could not have exhausted his administrative remedies prior to filing suit. Plaintiff affirmatively pleads that the actions and inactions underlying his complaint began on July 9, 2012, and continue at present. Plaintiff signed his complaint on July 22, 2012. It seems clear from the face of Plaintiff's complaint that he can not have exhausted the administrative remedies available to him at the Metropolitan Correctional Center prior to filing suit on July 30, 2012.

However, the Court will provide Plaintiff an opportunity to establish exhaustion, before dismissing this suit. Plaintiff is ordered to show cause in writing, within thirty days of the date of this order, why this case should not be dismissed for failure to exhaust his administrative remedies prior to filing suit. Failure to adequately establish exhaustion will result in this case being dismissed without prejudice to Plaintiff filing a new complaint, once he has exhausted.

Additionally, before Plaintiff submits a response, he should consider whether to proceed on his alleged claims based on the controlling case law in this District. Prison conditions may be harsh and uncomfortable without violating the Eighth Amendment's prohibition against cruel and unusual punishment. *Farmer v. Brennan*, 511 U.S. 825, 114 S. Ct. 1970, 1977, 128 L. Ed. 2d 811 (1994). Prisoners are, however, entitled to "the minimal civilized measure of life's necessities," including adequate shelter. *Id.* "Inmates cannot expect the amenities, conveniences, and services of a good hotel . . . ." See *Harris v. Fleming*, 839 F.2d 1232, 1235-36 (7th Cir. 1988). In cases implicating the cruel and unusual punishment clause of the Eighth Amendment, the court must take into account the duration of the condition in determining whether it is unconstitutional *DeSpain v. Uphoff,* 264 F.3d 965, 974-75 (7th Cir. 2001); *and see Antonelli v. Sheahan,* 81 F.3d 1422, 1431 (7th Cir. 1996). Plaintiff's allegations are for a brief period of time and before proceeding, Plaintiff should review controlling case law to be certain that his allegations state a claim. If Plaintiff's allegations are determined to be frivolous or that they fail to state a claim upon which relief can be granted, Plaintiff risks dismissal with a "strike" pursuant to 28 U.S.C. § 1915(g).

In sum, if after considering the provisions of the Prison Litigation Reform Act Plaintiff wishes to proceed with this suit, he must, within thirty days of the date of this order: (1) **either** file an *in forma pauperis* application on the enclosed form with the information required by § 1915(a)(2) **or** pay the full $350 filing fee; and (2) show cause, in writing as to why this case should not be dismissed for failure to exhaust administrative remedies prior to filing suit. As with every document filed with the Court, Plaintiff must provide both the original and a judge's copy; he must also include a sufficient number of carbon copies or photocopies of the amended complaint for service on each named Defendant. The Clerk will provide Plaintiff with an *in forma pauperis* application and instructions along with a copy of this order. If Plaintiff fails to comply with the above directives within thirty days, the Court will dismiss the case, on the understanding that Plaintiff does not wish to pursue this lawsuit.